IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

JESSICA GARRETT and LYN TIEFERT,

                                            Plaintiffs,

vs.

VICTORS SUSHI, LLC and VICTORS SUSHI 2 LLC
d/b/a VICTOR'S SUSHI and VICTOR SEBASTIAN
individually,

                                            Defendants.

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

Plaintiffs Jessica Garrett ("Garrett") and Lyn Teiefert ("Tiefert") (collectively "Plaintiffs"), by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Victor's Sushi, LLC and Victors Sushi 2 LLC d/b/a Victor's Sushi and Victor Sebastian ("Sebastian"), individually (collectively "Defendants"), alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiffs and those similarly situated are currently employed or were formerly employed by Defendants as waiters.

2. In four distinct ways, Defendants have violated Federal and Colorado state law.

3. First, when Plaintiffs worked more than 40 hours a week, Defendants failed to pay Plaintiffs overtime wages at one and half times their hourly rate.

4. Accordingly, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because that Act requires employers to pay their employees one-and-

one half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. By failing to pay overtime at time and one half Defendants violated the Colorado Minimum Wage Act ("CMWA), C.R.S. § 8-7101 et seq., as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, because the COMPS requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regularly rate for each hour worked beyond twelve each workday.

6. Second, Defendants literally stole wages from Plaintiffs.

7. Defendants engaged in this task by requiring waiters to provide 5% of all restaurant sales each night to management.

8. By doing so, Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4101, et seq., which requires employers to pay their employees all earned, vested, and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

9. Third, by stealing the wages earned by Plaintiffs, Defendants also failed to pay Plaintiffs the applicable FLSA and the CWCA minimum wage.

10. Fourth, Defendants failed to provide for required meal and rest breaks.

11. By doing so, Defendants violated 7 Colo. Code. Regs. § 1103-5.1-5.2.

12. Plaintiffs seek on their own behalf and on behalf of all other similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees

and costs regulating from Defendants' willful violations of state and federal wage law.

### PARTIES, JURISDICTION AND VENUE

13. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

15. On information and belief, Defendant Victor Sebastian is the owner and manager of the two Victor's Sushi restaurants.

16. Victors Sushi, LLC is a registered Colorado corporation with a principal street address at 207 Clayton St, Brush, CO 80723.

17. Victors Sushi 2 LLC is a registered Colorado corporation with a principal street address at 118 N Pagosa Blvd, Pagosa Springs, CO 81147

18. Defendants employed the named Plaintiffs and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

19. Defendants operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

20. Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00. 29 U.S.C. § 203(s)(10)(A)(ii).

21. This Court has supplemental jurisdiction over the Colorado state law claims under the principles of pendent and ancillary jurisdiction.

22. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

23. Garrett is a resident of the State of Colorado.

24. From on or about January 26, 2021, to on or about August 18, 2023, Garret worked for Defendants. Garret's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

25. Garrett was employed by Defendants as a waitress.

26. Tieffert is a resident of the State of Colorado.

27. From on or about January 8, 2021, to on or about February 10, 2022, Tiefert worked for Defendants. Tieffer's FLSA Consent to Sue Form is attached hereto as Exhibit 1.

## GENERAL ALLEGATIONS

28. Defendant Sebastian, at all material times, exercised operational control and financial control over both Victor's Sushi LLC and Victors Sushi 2 LLC and exercised control over Plaintiffs employees' terms and conditions of employment.

29. Plaintiffs rarely were able to take breaks at Defendants.

30. Victors Sushi, Inc. has two locations.

31. The original location is in Brush, CO.

32. The second location is in Pagosa Springs, CO.

33. When waiters are hired, they are instructed by Sebastian that at the end of their shift they had to provide 5% of their total sales each night to 'the house' (management).

34. For example, if a waiter had $1,000 in sales in a given a night, at the end of their shift they would have to provide $50 to Defendants.

35. At first glance, it appears that Defendants paid Plaintiffs the applicable CMWWA and FLSA tipped rate. However, because of the 5% 'kickback' required by Defendants, Defendants were not permitted to apply a tip credit.

36. For example, if a waiter worked 10 hours and was supposed to be paid $10 an hour and had $1,000 in sales, because of the 5% kickback they would earn $50 instead of $100.

37. Thus, the waiters would earn only $5 an hour—below both Federal and Colorado minimum wage.

38. As Defendants failed to pay their employees all wages earned, Defendants could not apply a tip credit to Plaintiffs.

39. In the alternative, if it is found that Plaintiffs had to provide tips to Defendants, Defendants could not apply the tip credit because they kept the tips earned by Plaintiffs.

40. As a result, Defendants failed to pay Plaintiffs in compliance with both the FLSA and CMWA minimum wage.

41. In some instances, Plaintiffs were required to work more than 40 hours a week.

42. Defendants circumvented their obligations with respect to overtime by not paying Plaintiffs time and one half for all hours worked past 40 hours at the correct minimum wage rate.

43. Defendants further circumvented their obligations to pay overtime by paying Plaintiffs bi-monthly.

44. There were only two ways Plaintiffs would get a break. First, if the business was slow on a given day (which rarely happened). The other way was if Plaintiffs worked a double shift (which also rarely happened).

45. Plaintiffs hereby demand payment in an amount equal to all earned but unpaid wages due as well as liquidated damages.

46. Except for rare circumstances, Plaintiffs did not receive their legally required breaks.

47. There were only two ways Plaintiffs would get a break. First, if the business was very slow on a given day (which rarely happened). The other way was if Plaintiffs worked a double shift (which also rarely happened).

48. Plaintiffs hereby demand payment in an amount equal to all earned but unpaid wages due as well as liquidated damages.

## §216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

49. The named Plaintiffs bring their Count I and Count II claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminary defines this "216(b) Class" as follows:

> All individuals employed by Defendants as hourly employees
> for Victor's Sushi between January 31, 2021 and the present[1],
> who were not paid minimum wage and mandatory overtime premiums.

50. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the

---

[1] The parties entered a tolling agreement applicable from January 31, 2024 to March 15, 2024.

6

FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act 29 U.S.C. § 255(a).

51. All potential 216(b) Collective Members are similarly situated because they worked for Defendants as hourly employees and are or were subject to Defendants' common policy of failing to pay minimum wage and overtime premiums.

52. The 216(b) Class consists of approximately 30 employees.

53. At all times relevant to this action, Defendants employed persons, including Plaintiffs and the Collective they seek to represent, within the State of Colorado.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 et seq.)

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

55. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

56. Defendants employed Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiffs, who handled materials which had moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

57. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

58. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. 203(g).

7

59. Defendants were Plaintiffs and others "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

60. Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

61. Defendants' violations of the FLSA were willful.  29 U.S.C. § 255(a).

62. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

63. Plaintiffs and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. 216(b).

<b>SECOND CLAIM – Failure to Pay Minimum Wage<br>
<u>Violation of the FLSA (29 U.S.C. § 201 et seq.)</u></b>

64. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

66. Defendants employed Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiffs, who handled materials which had moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

67. Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

68. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. 203(g).

69. Defendants were Plaintiffs and others "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

70. Defendants violated the FLSA when they refused to pay Plaintiffs and others minimum wage. 29 U.S.C. § 207.

71. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

72. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

73. Plaintiffs and others are entitled to recover minimum wage, liquidated damages, attorney fees and costs. 29 U.S.C. 216(b).

### THIRD CLAIM
### Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, et seq.)

74. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants were Plaintiffs' and others "employers" as that term is defined by the CWCA because they employed Plaintiffs and others in Colorado. C.R.S. § 8-4-101(6).

76. Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

77. Defendants violated the CWCA when they failed to pay Plaintiffs and those similarly situated all earned, vested and determinable wages upon separation from employment.  C.R.S. § 8-4-109.

78. Defendants incurred penalties under the CWCA if they failed to tender wages due within 14 days of receipt of Plaintiffs' demand for all wages due to them and to those similarly situated.  C.R.S. § 8-4-109.

79. Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

80. Plaintiffs and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**FOURTH CLAIM**
**Denial of Mandatory Rest Periods**
**(CMWA, C.R.S. §§ 8-6-101, et seq., COMPS C.C.R. 1103-1)**

81. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants did not pay Plaintiffs for all time worked under Colorado law because they did not provide Plaintiffs with a 30 minute duty-free paid meal breaks for each five hours of work Plaintiffs performed.  COMPS 7 C.C.C.R 1103-1(7).

83. Defendants did not pay Plaintiffs for all of their time worked under Colorado law because they did not provide Plaintiffs with 10 minute duty-free paid rest breaks as specified by law.  COMPS 7 C.C.R. 1103-1(8).

## FIFTH CLAIM
## Denial of Mandatory Rest Periods
### (CMWA, C.R.S. §§ 8-6-101, et seq., COMPS C.C.R. 1103-1)

84. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85. Plaintiffs, through, counsel, issued a Demand for Payment of Wages notice dated February 14, 2024.

86. Defendants have not tendered any payment in response to this demand.

87. More than 14 days have elapsed since February 14, 2024.

88. Therefore, Defendants owe Plaintiffs statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

**WHEREFORE**, Plaintiffs pray that:

As to their First Claim brought described in paragraphs 53-62 above, that they:

89. This case be certified to proceed as a collective action under 29 U.S.C. §216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

90. Plaintiffs be awarded compensatory damages;

91. Plaintiffs and the FLSA Collective be awarded liquidated damages as required by law;

92. Plaintiffs and the FLSA Collective be awarded pre-judgment and post-judgment interest as permitted by law; and

93. Plaintiffs and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

94. Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

And, as to their Second Claim brought described in paragraphs 63-72 above;

a. Plaintiffs be awarded the wages earned, vested, and determinable wages they are due;

b. Plaintiffs be awarded statutory penalties;

c. Plaintiffs be awarded attorney fees and costs of suit;

And, as to their Third Claim brought described in paragraphs 73-79 above;

a. Plaintiffs be awarded the wages earned, vested, and determinable wages they are due;

b. Plaintiffs be awarded statutory penalties;

c. Plaintiffs be awarded attorney fees and costs of suit;

And, as to their Fourth Claim brought described in paragraphs 80-82 above;

a. Plaintiffs be awarded the wages earned, vested, and determinable wages they are due;

b. Plaintiffs be awarded statutory penalties;

c. Plaintiffs be awarded attorney fees and costs of suit;

And, as to their Fifth Claim brought described in paragraph 83-87 above;

a. Plaintiffs be awarded the wages earned, vested and determinable wages they are due;

b. Plaintiffs be awarded statutory penalties;

c. Plaintiffs be awarded attorney fees and costs of suit;

Dated:  March 15, 2024
        New York, New York

                         **THE LAW OFFICES OF JACOB ARONAUER**

                         By:   */s/ Jacob Aronauer*
                                Jacob Aronauer
                                250 Broadway, Suite 600
                                New York, New York 10007
                                jaronauer@aronauerlaw.com
                                (212) 323-6980

# EXHIBIT A

**CONSENT TO JOIN LITIGATION**

I, _Jessica Gawett_, hereby express my intention and consent to join the case filed by The Law Offices of Jacob Aronauer against my former employers alleging that they violated wage and hour laws.

Date: __3/13/24__

Signature: _Jessica Gawett_

## CONSENT TO JOIN LITIGATION

I, \_\_\_Lyn Tiefert\_\_\_, hereby express my intention and consent to join the case filed by The Law Offices of Jacob Aronauer against my former employers alleging that they violated wage and hour laws.

Date: \_\_\_03/10/2024\_\_\_

Signature: \_\_\_*Lyn Tiefert*\_\_\_